IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Andrew Bickel, on behalf of himself and all other similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-cv-3454 |
| v. | ) | |
| | ) | Magistrate Judge Laura K. McNally |
| Nordic Energy Services, LLC | ) | |
| | ) | |
| Defendant. | ) | |

Memorandum Opinion and Order

Defendant Nordic Energy Services, LLC ("Nordic") has moved for a protective order to prevent certain discovery predating 2021. This date is derived from the 4-year limitations period that Nordic asserts applies to Mr. Bickel's claims. Nordic argues that pre-2021 discovery is both not relevant and unduly burdensome. (Dkt. 68) Plaintiff Bickel asserts that the correct statute of limitations period is 10 years, but even under a 4-year period, the pre-2021 discovery at issue is relevant, proportional, and not unduly burdensome. The Court grants Nordic's motion in part.

As stated in the ruling on a previous motion to compel by Mr. Bickel (Dkt. 64), the issue of what limitations period applies to this dispute will not be determined in the context of a discovery motion with an undeveloped record. In Dkt. 64, the Court concluded that Mr. Bickel had presented a colorable argument that 10 years of data might be relevant and proportional to the needs of the case, but it permitted Nordic leave to file a motion for a protective order that developed its arguments going to burden and proportionality. This motion was the result.

Here, in arguing proportionality, Nordic presented a more developed basis for its claim that the 4-year period would control and argued that pre-2021 discovery requests were therefore not proportional to the needs of the case. That basis included further case law citations, as well as citations to legal positions Mr. Bickel has taken in both the pleadings and in briefing Nordic's motion to dismiss. Nordic asserted that due

to these prior statements in Court filings, Mr. Bickel is precluded from arguing for the 10-year limitations period now.

In his response brief, Mr. Bickel no longer argues that the discovery period should be 10 years because the limitations period is 10 years. Instead, Mr. Bickel provides other arguments, unrelated to the limitations period, as to why the discovery period should be 10 years.

As stated above, the Court here is making no determination as to the correct limitations period. Each side will be free to argue its position as the case moves forward. The Court does conclude, however, that based on the authorities and record evidence cited in Nordic's brief and unrebutted in Mr. Bickel's response, a potential 10-year limitations period will not serve as the basis for requiring pre-2021 discovery.

Mr. Bickel asserts that a 10-year period is reasonable and proportional because such records may bear on decisions as to how Nordic set the Transportation and Storage Component and the Variable Commodity Component (the "Components") of the pricing term in its form customer contracts. Mr. Bickel asserts that critical decisions about how the Components were set were made prior to 2021 and then carried forward, and for that reason, 10 years of records must be searched and produced.

In briefing and argument, Mr. Bickel has narrowed his request. Mr. Bickel has abandoned his request that Nordic collect and review records from the obsolete Entrack records platform. Mr. Bickel does, however, continue to pursue 10 years of (a) pipeline invoices, (b) Defendant's custodial records (primarily emails), and (c) Defendant's SharePoint records (the corporate file share).

Mr. Bickel's request for pre-2021 pipeline invoices is denied. The potential relevance of these transactional records is at best attenuated. In its discretion, the Court concludes that the burdens associated with production of these documents are not proportional to the needs of the case.

With respect to custodial records and SharePoint records that might discuss the method for setting the Components, the Court agrees with Mr. Bickel that the limitations period does not define the boundaries of relevance. As to these records, Nordic asserts burden and proportionality. Nordic has presented declarations relating to the burden associated with expanding the discovery period to 10 years. While the Court is somewhat skeptical that the collection process should be as time-consuming as described, adding 6 additional years would require a substantial increase in the volume of collection and review, and Mr. Bickel has offered no factual basis to conclude that the return on this search would merit the burden and delay.

Because Mr. Bickel has offered no grounds for extending the discovery period to 10 full years, and the Court concludes that this request is excessive. The Court will not require 6 years of documents predating 2021. Instead, the Court orders Defendant to search one year prior to the 4-year period. In other words, the Court grants the protective order as to pre-2020 records.

Two caveats: First, by resisting this discovery and prevailing, Nordic is foregoing its ability to rely on pre-2020 events to justify its pricing decisions after 2021. If Nordic intends to reference its actions before 2020, it must be willing to engage in discovery regarding this period as well.

Second, the parties have suggested that the limitations period may be addressed with Judge Pallmeyer. If Mr. Bickel obtains a ruling that the limitations period is, in fact, 10 years, the discovery period will necessarily have to expand.

***

In conclusion, the Court grants Nordic's motion for a protective order as to all pre-2021 invoices and as to pre-2020 custodial files and SharePoint files. It denies Nordic's motion as to 2020 custodial files and SharePoint files.

**SO ORDERED.**

**ENTER:**

Laura K. McNally

**LAURA K. MCNALLY**
**United States Magistrate Judge**

**DATED: September 23, 2026**